UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HOWARD E. LEVENTHAL,

    Plaintiff,

v.                              Case No. 24-C-1147

OZAUKEE COUNTY CIRCUIT COURT, et al.,

    Defendants.

---

## AMENDED[1] DECISION AND ORDER

---

Plaintiff Howard E. Leventhal, who is currently incarcerated at the Ozaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, along with a motion for leave to proceed without prepaying the filing fee. The Prison Litigation Reform Act (PLRA) applies to this case because Leventhal was incarcerated when he filed his complaint. Under the PLRA, a prisoner may not bring a civil action *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). When determining whether a prisoner has acquired three "strikes" under §1915(g), a court "must consider prisoner actions dismissed on any of the three enumerated grounds both before and after the enactment of the PLRA." *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 811 (7th Cir. 1998) (citing *Abdul–Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996)).

---

[1] Order amended to reflect the correct amount due. Leventhal made an additional $35.00 payment, making the balance due $55.00.

Court records show that Leventhal has accumulated at least three strikes: (1) *Leventhal v. Paes,* No. 17-cv-2496 (E.D. N.Y.), dismissed on May 10, 2017 for failure to state a claim; (2) *Leventhal v. Boline*, No. 18-cv-181 (E.D. Wis.), dismissed on May 2, 2018 as frivolous; and (3) *Leventhal v. RPOC*, No. 21-cv-545 (E.D. Wis.), dismissed on June 23, 2021 as frivolous. Accordingly, the Court must deny his motion for leave to proceed without prepaying the filing fee unless he is under imminent danger of serious physical injury. "The 'imminent danger' exception to §1915(g)'s 'three strikes' rule is available 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate." *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003) (*quoting Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002)).

The complaint alleges that Defendants' pursuit of criminal charges infringes upon Leventhal's First Amendment right to free speech, *i.e.,* to harass people with frivolous lawsuits. Leventhal's allegations do not meet the imminent danger requirement because the Court cannot reasonably infer that he is currently at risk of serious physical injury. Accordingly, the Court will deny his motion for leave to proceed without prepaying the filing fee.

Because Leventhal has struck out and because his allegations do not give rise to a reasonable inference that he is in imminent danger of serious physical injury, the Court will deny his motion to proceed without prepaying the filing fee. On October 11, 2024, Leventhal paid $315 toward the filing fee, and apparently made an additional $35.00 payment after that date. If he wants to proceed with this case, he must pay the **$55 balance** of the $405 filing fee. If he is unable to pay the remainder of the filing fee by the deadline below, the Court will dismiss this case without prejudice based on his failure to pay the filing fee and, pursuant to 28 U.S.C. §1915(b)(1), will require him to pay the remainder over time in the manner set forth in the statute.

**IT IS THEREFORE ORDERED** that Leventhal's motion for leave to proceed without prepaying the filing fee (Dkt. No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that, if Leventhal wants to proceed with this case, he must make arrangements to pay the **$55** balance of the $405 filing fee by **November 14, 2024**. If the Court receives the balance of the filing fee by the deadline, the Court will screen the amended complaint as required by 28 U.S.C. §1915A. If the Court does not receive the balance of the filing fee by the deadline, the Court will dismiss this case without prejudice based on Leventhal's failure to pay the filing fee.

Dated at Green Bay, Wisconsin this 24th day of October, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge